IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.C., R.M., and T.R., a minor, by J.R. Guardian, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 5:21-CV-05070-JMG<br>) |
| NELSON MARTIN d/b/a LIBERTY RIDGE FARM, LIBERTY RIDGE FARM, EASTERN PENNSYLVANIA MENNONITE CHURCH AND RELATED AREAS, and MENNONITE MESSIANIC MISSION OF THE EASTERN PENNSYLVANIA MENNONITE CHURCH, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Nelson Martin d/b/a Liberty Ridge Farm, Liberty Ridge Farm, Eastern Pennsylvania Mennonite Church and related areas, and Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church (hereinafter collectively "Defendants") submits the following Answer to the Complaint filed by Plaintiffs D.C., R.M., and T.R., a minor, by J.R., Guardian.

## **PARTIES**

1. Defendants are without sufficient information to admit or deny this pleading and leave Plaintiffs to their proofs.

2. Defendants are without sufficient information to admit or deny this pleading and leave Plaintiffs to their proofs.

1

3. Defendants are without sufficient information to admit or deny this pleading and leave Plaintiffs to their proofs.

4. The foregoing averment is not directed toward Defendants and therefore no response is required.

5. The foregoing averment is not directed toward Defendants and therefore no response is required. To the extent a response is required, Defendants vehemently deny making threats related to accusations in the Complaint, or otherwise.

6. The foregoing averment is not directed toward Defendants and therefore no response is required. To the extent a response is required, Defendants contend that they are presently prejudiced by Plaintiffs proceeding anonymously.

7. Denied. Defendant Nelson Martin (hereinafter "Nelson") is not doing business as Liberty Ridge Farm (hereinafter "Liberty Ridge"), and strict proof thereof is demanded at time of trial.

8. Admitted.

9. Denied as to the legal conclusion that Nelson is Principle and/or Owner. It is hereby further denied that Liberty Ridge and Nelson should be referred to collectively. Accordingly, all responses to averments that contain "Liberty Ridge" will not include admissions regarding Nelson individually.

10. Denied. The Eastern Pennsylvania Mennonite Church does not operate as a business, nor is it an entity that can sue or be sued.

11. Admitted.

12. Admitted.

13. The foregoing averment is not directed toward Defendants and therefore no response is required.

14. Denied as to the characterization that the Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church (hereinafter "Mission") directs all of the Eastern Pennsylvania Mennonite Church's (hereinafter "the Church") activities.

15. Denied to the extent that this averment contains a legal conclusion. It is admitted that Liberty Ridge is a home for Mennonite boys and young adult male members who were troubled and have special spiritual, emotional and social needs.

16. Admitted.

17. Admitted.

18. Denied to the extent that his averment contains a conclusion of law. To the extent a response is required, Liberty Ridge is registered with the USDOT.

19. Denied as "mission agency" is an ambiguous statement. As such, strict proof thereof is demanded.

20. Denied. The mission does not direct the day-to-day activities and strict proof thereof is demanded.

21. Denied. The Church does not "direct" or have "final authority" and strict proof thereof is demanded.

22. Denied. The Church does not control all aspects of the lives and businesses of its members, and strict proof thereof is demanded.

**JURISDICTION AND VENUE**

23. Denied as a conclusion of law to which no response is required.

24. Denied as a conclusion of law to which no response is required.

25. Denied as a conclusion of law to which no response is required.

## FACTS COMMON TO ALL PLAINTIFFS

26. Admitted.

27. Defendants are without sufficient information to admit or deny this averment as they are presently unaware of the identities of the Plaintiffs.

28. Admitted.

29. Admitted, with qualification. The families of the Residents pay monthly for the expenses associated with the boys' residence at Liberty Ridge, as with any other similar facility.

30. Denied as a conclusion of law to which no response is required. To the extent a response is required, there is no "labor" taking place in which a reasonable individual would expect to be compensated.

31. Denied as a conclusion of law to which no response is required. To the extent a response is required, there is no "labor" taking place in which a reasonable individual would expect to be compensated. By way of further response, Defendants deny any implication that the money was being "retained" for any sort of nefarious gain.

32. Denied as a conclusion of law to which no response is required. To the extent a response is required, there is no "labor" taking place in which a reasonable individual would expect to be compensated. By way of further response, Defendants deny any implication that the money was being "retained" for any sort of nefarious gain.

33. Denied as to the ambiguous characterization of "work." The residents performed activities in accordance with the stated purpose of the facility and had a structured schedule to better improve their spiritual and behavioral growth.

34. Denied as to the characterization of "labor." It is also denied that the residents were not given any free time or time to rest.

35. Denied as to the characterization of "labor." It is also denied that the residents were not given any free time or time to rest.

36. Denied. All school-aged residents were engaged in schooling.

37. Admitted.

38. Denied, as Plaintiffs are collectively referring to all Defendants, despite the individual being the House Parent for Liberty Ridge only.

39. Admitted.

40. Denied as to the characterization of "at all times."

41. Denied as stated. Liberty Ridge provides spiritual and behavioral growth to its residents, which is why the residents' guardians voluntarily brought each resident to the facility. As with any troubled teen facility, poor behavior results in consequences. However, Liberty Ridge strictly denies that the residents received consequences for trivial behaviors or activities such as "not run[ning] fast enough."

42. Denied as stated. Liberty Ridge provides spiritual and behavioral growth to its residents, which is why the residents' guardians voluntarily brought each resident to the facility. As with any troubled teen facility, poor behavior results in consequences. However, Liberty Ridge strictly denies that punishments lasted for an inappropriate amount of time.

43. It is denied that Liberty Ridge acted in any sort of inappropriate manner with their consequence structure, and strict proof thereof is demanded.

44. It is denied that Liberty Ridge acted in any sort of inappropriate manner with their consequence structure, and strict proof thereof is demanded.

45. It is denied that Liberty Ridge acted in any sort of inappropriate manner with their consequence structure, and strict proof thereof is demanded.

46. It is denied that Liberty Ridge acted in any sort of inappropriate manner with their consequence structure, and strict proof thereof is demanded. By way of further response, it is specifically denied that residents were tied up, restrained or dragged.

47. Denied. Liberty Ridge did not withhold any necessary treatment or medications.

48. Denied. The residents of Liberty Ridge have never been physically or mentally abused while at the facility.

49. Denied. The residents of Liberty Ridge have never been threatened with abuse while at the facility.

50. Denied. The residents of Liberty Ridge have never been improperly threatened by Liberty Ridge.

51. Denied. Liberty Ridge never restrained, abused, or threatened the residents and strict proof thereof is demanded.

## FACTS COMMON TO D.C.

52. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

53. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

54. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

55. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

56. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

57. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents did not receive schooling.

58. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

59. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

60. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their

proofs. By way of further response, it is denied that any residents were physically restrained by Defendants.

61. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents were improperly disciplined and/or punished.

62. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that Liberty Ridge withheld necessary treatment or medication from any residents.

## **FACTS COMMON TO R.M.**

63. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

64. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

65. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

66. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

67. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

68. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

69. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge, and that any residents would have expected to be compensated for activities.

70. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

71. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents were physically restrained by Defendants.

72. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents were improperly disciplined and/or punished.

## FACTS COMMON TO T.R.

73. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

74. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

75. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs.

76. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents were improperly "performing labor."

77. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, Liberty Ridge denies that it sent any residents to live with unknown third parties without the consent of the residents' respective guardians.

78. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

79. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents improperly "worked" at Liberty Ridge.

80. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any appropriate guardians were refused contact.

81. Defendants are without sufficient information to admit or deny this averment because Plaintiffs are presently anonymous. Accordingly, Defendants leave Plaintiffs to their proofs. By way of further response, it is denied that any residents suffered injuries and/or damages at the hands of Defendants.

### COUNT I
### VIOLATION OF THE TVPA FOR FORCED LABOR
### 18 U.S.C. § 1589
### (ALL PLAINTIFFS V. DEFENDANTS)

82. Defendants incorporate their responses the foregoing paragraphs as if fully set forth herein.

83. Denied as a conclusion of law to which no response is required.

84. Denied as a conclusion of law to which no response is required.

85. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

86. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

87. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

88. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

89. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

90. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

91. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

92. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

93. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

94. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

## COUNT II
## VIOLATION OF THE TVPA FOR HUMAN TRAFFICKING
## 18 U.S.C. § 1590
## (ALL PLAINTIFFS V. DEFENDANTS)

95. Defendants incorporate their responses the foregoing paragraphs as if fully set forth herein.

96. Denied as a conclusion of law to which no response is required.

97. Denied as a conclusion of law to which no response is required.

98. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

99. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

100. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

101. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

102. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

## COUNT III (WITHDRAWN)
## VIOLATION OF RICO
## 18 U.S.C. § 1961 ET SEQ.

**(PLAINTIFF T.R. V. DEFENDANTS)**

103. Defendants incorporate their responses the foregoing paragraphs as if fully set forth herein.

104. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

105. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

106. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

107. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

108. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

109. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

110. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

111. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

112. Plaintiffs have agreed to voluntarily withdraw this claim and therefore no response is required.

**COUNT IV**
**VIOLATION OF PENNSYLVANIA LAW AGAINST HUMAN TRAFFICKING**
**18 P.A.C.S. § 301.**
**(ALL PLAINTIFFS V. DEFENDANTS)**

113. Defendants incorporate their responses the foregoing paragraphs as if fully set forth herein.

114. Denied as a conclusion of law to which no response is required.

115. Denied as a conclusion of law to which no response is required.

116. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

117. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

118. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

119. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny these allegations, and strict proof thereof is demanded.

120. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

121. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

122. Denied as a conclusion of law to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are owed any damages.

## COUNT V
## UNJUST ENRICHMENT
## (PLAINTIFF T.R. V. DEFENDANTS)

123. Defendants incorporate their responses the foregoing paragraphs as if fully set forth herein.

124. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that any resident conferred a benefit upon Defendants to which compensation would be expected.

125. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that any resident conferred a benefit upon Defendants to which compensation would be expected.

126. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that any resident conferred a benefit upon Defendants to which compensation would be expected.

127. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that any resident performed labor for Defendants to which compensation would be expected.

128. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that any resident performed labor for Defendants to which compensation would be expected.

129. Denied as a conclusion of law to which no response is required. To the extent a response is required, it is denied that any resident performed labor for Defendants to which compensation would be expected, and likewise, it is denied that any resident is entitled to damages.

## AFFIRMATIVE DEFENSES

Further answering, and in defense of Plaintiffs' First Amended Complaint, Defendants state as follows:

1. Defendants are protected by the First Amendment.

2. Defendants are protected by the Freedom of Religion Act.

3. Plaintiffs' claims are barred by the doctrine of Religious Freedom.

4. Plaintiffs' claims are barred by Pennsylvania's Religious Freedom Restoration Act.

5. Plaintiffs fail, in whole or in part, to state a claim or claims upon which relief may be granted, or upon which the relief sought can be awarded.

6. Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statute of limitations.

7. Plaintiffs' claims and requested relief may be barred, in whole or in part, by application of the doctrines of unclean hands, laches, waiver, estoppel and/or setoff.

8. Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

9. Plaintiffs' claims are barred by their failure to exhaust available internal administrative remedies.

10. Plaintiffs have waived their ability to set forth any other claim or complaint in any other forum based upon any law or theory which is not premised in this Complaint.

11. Any loss or damage allegedly sustained by Plaintiffs were caused by the acts of omissions of Plaintiffs.

12. Plaintiffs, by and through their guardians, consented to the actions of Liberty Ridge.

13. Plaintiffs have suffered no cognizable damage or injury under the laws of the United States of America or Commonwealth of Pennsylvania.

14. Plaintiffs are not entitled to compensatory, liquidated, or punitive damages

15. Plaintiffs' claim for punitive damages is subject to the limitations set forth in the Punitive Damages Act

16. Plaintiffs have failed to plead and cannot hereafter establish a sufficient basis for recovery of punitive damages under the laws of the Commonwealth of Pennsylvania.

17. Plaintiffs' Complaint is barred, in whole or in part, by Plaintiffs' failure to mitigate their claimed damages

18. Plaintiffs did not suffer quantifiable damages or economic loss

19. Defendants are prejudiced by Plaintiffs' choice to remain anonymous.

20. Plaintiffs' claims are barred to the extent that Liberty Ridge was acting *in loco parentis*.

21. Plaintiffs' claims are barred to the extent that Plaintiffs' guardians executed Powers of Attorney.

22. Plaintiffs did not expect to be compensated for any activities completed at Liberty Ridge.

23. Plaintiffs' claims are barred due to the doctrine of consent.

24. Plaintiffs' claims are barred to the extent that their guardians acted on their behalf, not Liberty Ridge.

25. Nelson Martin is improperly named as d/b/a Liberty Ridge Farm.

26. The Mission is improperly characterized as directing the activities of Liberty Ridge Farm.

27. The Church is improperly characterized as directing the activities of Liberty Ridge Farm.

28. Defendants did not transport, harbor or recruit individuals to become residents of Liberty Ridge.

29. Plaintiffs are not entitled to treble damages.

30. Defendants did not violate any federal or state labor laws.

31. Defendants have religious justification for any actions taken.

WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Defendants respectfully requests this Court to dismiss Plaintiff's Complaint in its entirety and award Defendants its costs and attorneys' fees incurred herein and any additional relief this Court deems just and proper.

DATED:  November 2, 2022                    Respectfully submitted,

                                            MARGOLIS EDELSTEIN

                                            By: /s/ *Meghan Wynkoop, Esq.*
                                                MEGHAN WYNKOOP, ESQ.
                                                Attorney No. 324242
                                                The Curtis Center – Suite 400E
                                                170 S. Independence Mall W.
                                                Philadelphia, PA 19106-3337
                                                Phone: 215-931-5828
                                                Fax: 215-922-1772

                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  The undersigned counsel hereby certifies the foregoing was filed via the Court's CM/ECF System on this 2nd day of November, 2022, and served via ECF filing upon:

 Renee E. Franchi, Esq. (PA #313950)
 renee@vca.law
 Nathaniel L. Foote, Esq. (PA #318998)
 nate@vca.law
 Andreozzi + Foote
 4503 North Front Street
 Harrisburg, PA 17110
 Ph: 717.525.9124 | Fax: 717.525.9143
 Attorneys for Plaintiffs

                    */s/ Meghan Wynkoop, Esq.*