# EXHIBIT B

**Department of Labor Complaint**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN J. WALSH, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

        Plaintiff,

v.

MENNONITE MESSIANIC MISSION OF
THE EASTERN PENNSYLVANIA
MENNONNITE CHURCH, doing business as
LIBERTY RIDGE FARM,
and NELSON MARTIN,

        Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church, d/b/a Liberty Ridge Farm, and Nelson Martin (hereinafter collectively referred to as "Defendants") from violating the provisions of Sections 6, 7, 11(c), 12(a) and (c), 15(a)(2), 15(a)(4), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to

be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Mennonite Messianic Mission of the Eastern Pennsylvania Mennonite Church ("Mennonite Messianic Mission") is non-profit corporation organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 40 Wood Corner Road, Ephrata, PA 17522.

3. Defendant Mennonite Messianic Mission does business as Liberty Ridge Farm. Liberty Ridge Farm is a domestic fictitious entity filed in the Commonwealth of Pennsylvania, having its registered address and principal place of business at 583 Varner Lane, McAlisterville, PA 17049. Mennonite Messianic Mission doing business as Liberty Ridge Farm ("Liberty Ridge") operates a 38-acre farm at the same address, within the jurisdiction of this court.

4. At that same address, Liberty Ridge employs children under the age of 18 ("Minors") to perform various jobs such as building wooden pallets, feeding chickens, and chopping firewood. Minors are paired with adults called "mentors" who supervise the minors and perform other work tasks ("Mentors").

5. Defendant Nelson Martin ("Martin") is operator, and Treasurer of Liberty Ridge Farm, and resides at 152 Flanagan Road, Richland, PA 17087 which

is within the jurisdiction of this Court. He is also the owner of the fictitious business name Liberty Ridge Farm. Martin has directed employment practices and has acted directly or indirectly in the interest of Liberty Ridge in relation to its employees at all times relevant herein, including managing the daily operations on the farm and recruiting, accepting, and hiring employees. Defendant Martin regulated the employment of persons employed by Liberty Ridge, acted directly and indirectly in Liberty Ridge's interest in relation to the employees, and is an employer of said employees within the meaning of Section 3(d) of the Act.

6. Defendants' business activities, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

7. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on products, goods or materials that have been moved in or produced for commerce. Specifically, employees, including Mentors and Minors, perform work for Defendants for a commercial purpose, including producing wood pallets that are sold in Pennsylvania and Maryland, raising and feeding chickens for a Virginia-based company, Clark Feed; and selling firewood.

The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

8. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay Mentors and Minors employed in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages under Section 17 of the Act.

9. For example, during the time period from at least July 1, 2019 through at least May 12, 2022, Defendants failed to pay Mentors and Minors any wages whatsoever. Minors worked approximately 30 hours a week and Mentors approximately 40.5 hours a week performing work for Liberty Ridge's commercial activities, including constructing wood pallets; feeding chickens for a third-party company, Clark Feed; and chopping firewood for sale. Defendants allegedly paid Mentors a small monthly stipend, far below the minimum wage based on the number of hours worked by Mentors.

10. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing Mentors in an enterprise engaged in commerce or

4

in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, Defendants are liable for the payment of unpaid overtime compensation under Section 17 of the Act.

11. For example, during the time period from at least July 1, 2019 through at least May 12, 2022, Defendants failed to pay Mentors the overtime premium of one and one half times the regular rate, even though Mentors regularly worked at least 40.5 hours a week. Mentors did not receive any wages, regardless of their hours worked, even though Mentors regularly worked more than 40 hours in a work week.

12. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. For example, because Defendants did not classify Mentors and Minors as employees and did not pay them any wages, they failed to keep any records of hours worked or wages earned.

13. Defendants willfully violated the provisions of Section 12(a), (c), and

15(a)(4) of the Act by employing oppressive child labor in the production of goods for commerce. For example, Defendants employed minors between the ages of 12 and 13 years old, in violation of the Act's minimum age standards, and required minors between the ages of 12 and 13 to perform work outside of the time periods and in excess of the hours prescribed by 29 C.F.R. § 570.35. Defendants also employed minors between the ages of 12 and 15 years old chopping firewood, which is not work explicitly permitted to be performed under 29 C.F.R. § 570.34. Defendants knew or recklessly disregarded their obligations not to employ Minors in prohibited occupations, not to employ Minors aged below the Act's minimum age standards, and not to require Minors aged below the Act's minimum age standards to perform work in excess of the hours prescribed by the Act.

14. Defendants knew or recklessly disregarded their obligation to pay wages to Mentors and Minors, and to pay employees one and one-half their regular rates for hours worked in excess of forty per workweek. Despite Mentors and Minors performing labor that generated revenue for Defendants, Defendants failed to pay them any wages whatsoever.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants,

6

employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 12(a) and (c), 15(a)(2), 15(a)(4), and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least July 1, 2019 through at least May 12, 2022, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 12, 2022, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees;

7

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103

(215) 861-5032 (voice)
(215) 861-5162 (fax)

aaron.deirdre.a@dol.gov

Date: August 31, 2022

**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Deirdre A. Aaron*
By: Deirdre A. Aaron
PA ID # 323389

Attorneys for Plaintiff

8

## Schedule A

| | |
|---|---|
| Amos | Burkholder |
| Gardell | Burkholder |
| Jadin | Campbell |
| Seth | Ebersole |
| David | Erb |
| Anthony | Gehman |
| Virgil | Gehman |
| Lyndon | Kauffman |
| Curtis | Klippenstein |
| Michael | Kraybill |
| Glendon | Kurtz |
| Kendall | Kurtz |
| Jeffrey | Lehman |
| Justin | Leid |
| Joel | Martin |
| Nathanael | Martin |
| Jay | Nolt |
| David | Rohrer |
| Gardell | Rohrer |
| Seth | Rohrer |
| Levi | Rudolph |
| Marlin | Rudoph |
| Conrad | Seigrist |
| Matthew | Stauffer |
| Lavern | Weaver |
| Titus | Wise |
| Ivan | Hoover |
| Stanley | Fox |
| Joseph | Lawton |
| Matthew | Zimmerman |
| Yared | Warren |
| Braiden | Zimmerman |
| Kenton | Zimmerman |
| Conrad | Torkelson |
| Carl | Martin |

| Jacob | Zimmerman |
| --- | --- |
| Trivette | Rhoads |
| Jaydon | Millberry |
| Travis | Burkholder |
| Matthew | Harnish |